UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| FREDERICK D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-111-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN MOTLEY and JOHN REES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Frederick D. Jones, an individual confined in the Western Kentucky Correctional Complex ("WKCC") in Fredonia, Kentucky, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 [R. 2]. Jones has been granted pauper status by prior Order of the Court. Upon initial screening[1], the Court concludes that the complaint must be dismissed with prejudice because the claim alleged in this proceeding is barred by the statute of limitations.

I.    FACTUAL BACKGROUND

On April 7, 2006, Jones filed a *pro se* civil rights complaint in the Western District of Kentucky. *Jones v. Pancake et al.*, 06-cv-188, Western District of Kentucky [R. 1 therein]. In his Complaint, Jones alleged that after he was transferred to WKCC on December 15, 2005, the warden and staff assigned him to a top bunk bed notwithstanding a prior designation to a lower bunk bed

---

[1] The Court screens civil rights complaints pursuant to 42 U.S.C. §§ 1915A, 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because Jones is not represented by an attorney, his complaint is held to a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). When reviewing the complaint, the Court assumes that the facts alleged are true, and draws all reasonable inferences in the plaintiff's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court must dismiss any claim which fails as a matter of law. 28 U.S.C. § 1915(e)(2).

because of an injury to his knee. Jones further alleged that in mid-January 2006 he slipped while getting down from his upper bunk causing injury to his back and knee. Jones also alleged that officers at WKCC placed him in segregation on March 3, 2006 pending a disciplinary investigation in retaliation for a lawsuit he filed in the Kentucky state courts against them.

On March 3, 2006, Jones was transferred from WKCC to the Eastern Kentucky Correctional Complex ("EKCC"). In his Complaint, Jones alleged that he was placed in segregation upon his arrival at EKCC because of the charges pending against him at WKCC, and remained in segregation for five days longer than the maximum penalty he could have received had he been found guilty of the infraction incurred at WKCC. Finally, Jones alleged that certain of his property, including legal documents, were either negligently or intentionally lost by prison staff during his transfer.

After Jones's original Complaint was filed on April 6, 2006, Jones filed a series of "supplements" to his Complaint on April 18, 2006, April 25, 2006, August 1, 2006, and August 8, 2006 [R. 6, 7, 11, 13 therein]. The first two supplements tendered additional allegations and evidence in support of his claim regarding his upper bunk assignment. The third supplement asserted two new claims, the first challenging the opening of his "legal" mail by prison officials and the second alleging that EKCC assigned inmates to cells according to their race. The fourth supplement asserted a third new claim, alleging that the loss of his property was intentional retaliation for the lawsuit he filed against officers at WKCC.

On December 15, 2006, the Court screened the Complaint, independent of the tendered "supplements," and dismissed all of the claims for failure to exhaust administrative remedies, on the merits, or both [R. 36 therein]. Jones filed a timely motion for reconsideration, contending that he had properly exhausted his claims [R. 38 therein]. Jones also tendered another Amended Complaint in which he realleged proper exhaustion of his medical claims [R. 40 therein].

On February 2, 2007, the Court entered an Order granting Jones's motion to reconsider based upon the Supreme Court's intervening decision in *Jones v. Bock*, 127 S.Ct. 910 (2007), where the Supreme Court held that a prisoner was not required to plead and prove exhaustion as a matter of initial pleading [R. 42, 43 therein].  Accordingly, the Court re-opened the case, but only insofar as it related to claims which had been dismissed purely on exhaustion grounds.  The Court also noted Jones's repeated efforts to assert additional claims through his tendered supplements and an amended complaint.  The Court's Order construed Jones's supplements as motions for leave to file an amended complaint; denied those construed motions; but permitted Jones to file an amended complaint to assist the Court in determining which, if any, new claims he wished to pursue and whether he intended to add any additional defendants.

On February 8, 2007, Jones filed an amended complaint asserting his claims regarding opening of his legal mail and racial discrimination in cell assignments [R. 44 therein].  Jones also filed a copy of the Commissioner's November 29, 2005, denial of his grievance regarding alleged consideration of race in cell assignments [R. 45 therein].   Construing Jones's amended complaint as a motion seeking leave to amend his Complaint, on August 17, 2007, the Court entered an Order granting that amendment in part [R. 51, 52 therein].  With respect to his claim regarding race-based cell assignments, the Court concluded that his request for injunctive relief was mooted by his transfer, and his request for compensatory damages was barred by the "physical injury" requirement of 28 U.S.C. § 1997e(e).  Insofar as the claim could be read to seek nominal or punitive damages, the Court permitted the amendment in light of the unsettled law as to the availability of such relief.  Finally, the Court found the proposed claim regarding opening of his legal mail would fail as a matter of law, and therefore denied Jones leave to amend his Complaint to add it.

Shortly thereafter, Defendants Motley and Rees filed a motion to dismiss the cell assignment claim in the complaint for lack of proper venue [R. 54 therein]. After briefing by the parties, the Court concluded that venue was not improper, but that the motion should be construed as one challenging the propriety of joining them as parties under Rule 20 [R. 77 therein]. In deciding that question, the Court concluded that:

> Plaintiff's claims against Defendants Motley and Rees as alleged in his amended complaint do not arise out of the same transaction or occurrence as his surviving claims against Defendants Pancake, Brindley and Hiland. To establish racial discrimination at EKCC, Plaintiff will have to establish vastly different facts than needed to prevail on his Eighth Amendment claims against the other Defendants.

[R. 77 therein at pg. 5]. Having concluded that joinder was not proper, the Court severed the surviving claim against Defendants Motley and Rees pursuant to Rule 21, directed that the severed be claim be docketed as a new action, *Jones v. Rees*, 07-cv-634, Western District of Kentucky, and transferred the new action to this Court pursuant to 28 U.S.C. § 1404(a) [R. 77 therein at pg. 6]. Jones's remaining claim against Motley and Rees related to cell assignments has been docketed as a new action in this Court [R. 2].

## II.   DISCUSSION

In its February 2, 2007, Order, the Western District of Kentucky construed Jones's many "supplements" to his original Complaint as motions for leave to file an amended complaint, and denied those motions [R. 43 therein]. However, because the Court was uncertain as to which, if any, new allegations Jones wished to pursue, it invited him to file an amended complaint which asserted any new claims or added any new defendants.

On February 8, 2007, Jones filed an amended complaint in which he asserted claims regarding opening of his legal mail and racial discrimination in cell assignments [R. 44 therein]. Again construing the tendered amended complaint as a motion for leave to file an amended

complaint, the Court permitted the amendment only insofar as the Complaint asserted legally-viable claims. Accordingly, the Court denied amendment regarding the opening of his legal mail in its entirety for failure to state a claim. Likewise, the Court denied amendment regarding race-conscious cell assignments insofar as it sought compensatory damages and injunctive relief. Because the law was not settled regarding the viability of a claim for nominal or punitive damages notwithstanding 28 U.S.C. § 1997e(e), the Court permitted amendment in that limited respect [R. 51, 52 therein]. It is solely that narrow claim which the Court transferred to this Court after severing it as improperly joined [R. 77 therein].

Because Jones has been granted *pauper* status and his remaining claim seeks relief against a government official, the Court has an ongoing duty to review and dismiss any claim that is frivolous or fails as a matter of law. 42 U.S.C. § 1915A, 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Having reviewed the claims and the proceedings before the Western District, the Court concludes that Jones's remaining claim must be dismissed on a ground not raised before or considered by the transferor court: the statute of limitations.

Section 1983 does not provide its own statute of limitations; federal courts therefore "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989).

Jones's allegations regarding racial discrimination in cell assignments do not indicate a particular point in time when such conduct occurred. However, Jones filed into the record a letter dated November 29, 2005 from the Commissioner of the Kentucky Department of Corrections denying his grievance regarding this issue [R. 2-4 at pg. 6]. Accordingly, the conduct giving rise to this claim must have occurred at some point prior to this date. Because it is not necessary to pinpoint the exact date for purposes of this discussion, the Court will assume that the alleged misconduct occurred on or before November 29, 2005.

Jones was therefore required to file a complaint asserting his claims regarding race-conscious cell assignments no later than November 29, 2006. Jones's original April 6, 2006, Complaint did not assert such a claim. Jones asserted this claim for the first time in one of the "supplements" he filed on August 1, 2006 [R. 11 therein]. However, the Western District construed this (and other) supplements as a motion for leave to file an amended complaint, and denied that construed motion by Order dated February 2, 2007 [R. 43 therein]. As of that date, therefore, Jones had yet to validly assert a claim regarding race discrimination in cell assignments at EKCC.

On February 6, 2007, as invited by the district court, Jones filed an a renewed amended complaint asserting a claim regarding cell assignments [R. 43 therein]. The Western District again construed this a motion seeking permission to amend his Complaint, but only permitted the amendment to assert the narrow claim previously described [R. 52]. Therefore, the earliest point in time when Jones had validly asserted his claim regarding cell assignments was February 6, 2007, well past the passage of the one-year statute of limitations on November 29, 2006. Accordingly, the Court must conclude that Jones' claim is time-barred, and must be dismissed.

It is true, however, that a claim added after the passage of the statute of limitations may "relate-back" to the filing of the original complaint, and hence be considered timely filed, under

certain circumstances.  The applicable rule provides that:

>An amendment to a pleading relates back to the date of the original pleading when:
>
>(A) the law that provides the applicable statute of limitations allows relation back;
>
>(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or

FED.R.CIV.P. 15(c)(1).  Under the present circumstances, however, this provision is of no assistance to Jones.

First, it is axiomatic that "in order to amend, the party seeking to amend must have a timely pleading already on file."  Moore's Federal Practice § 15.19[1] (2006).  The only pleading that asserts this claim prior to the passage of the statute of limitations is Jones's August 1, 2006 "supplement"  [R. 11 therein].  However, the Western District has already denied Jones's implicit request to amend his Complaint to include the allegations in this "supplement," [R. 43 therein] and this Court finds no basis to reject or revisit that legal determination here.

Second, neither that supplement nor his subsequently-filed amended complaint can "relate back" to the filing of the original complaint because the cell-assignment claim does not "[arise] out of the conduct, transaction, or occurrence set out ... in the original pleading" under Rule 15(c)(1)(B).[2]  A new claim arises out of the same "conduct, transaction, or occurrence" as the

---

[2]  Rule 15(c)(1)(A) also permits relation back where the state law which supplies the applicable statute of limitations permits amendment more liberally than the analogous federal rule. Moore's Federal Practice § 15.19[1] (2006) ("[I]f state law permits relation back when the federal rules would not, the more forgiving state rule controls.").  However, "[i]n most instances, the federal and state relation back rules are identical, so that whether state or federal law is applied makes no difference.") *Id.*  Kentucky courts have noted that CR 15.03 is functionally identical in wording to Rule 15(c) and that federal decisions interpreting the federal rule provide useful guidance in interpreting its state counterpart.  *Cf. Waste Mgmt. of Kentucky v. Wilder*, Ky.App., 2008 WL 2955421 (2008); *Phelps v. Wehr Const., Inc.*, Ky.App., 168 S.W.3d 395, 398 n.6 (2004) ("Fed.R.Civ.P. 15(c), ... is substantially the same as Kentucky's CR 15.03.").  The Court concludes

original claim where "a common core of operative facts unit[es] the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). As previously noted, Jones's original complaint challenged his upper bunk designation and medical treatment after his arrival at WKCC in mid-December 2005; Jones's proposed cell-assignment claim arose sometime before November 29, 2005 when he was still incarcerated at EKCC. The Court has little trouble concluding that these distinct claims, which arose out of entirely separate conduct at separate institutions, do not arise out of the same core of operative facts. *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996) (basic inquiry to determine whether amended complaint relates back to date of original complaint is whether claims in amended complaint relate to general fact situation alleged in original pleading). Indeed, the Western District concluded as much when it determined that Jones's cell-assignment claim was not properly joined under Rule 20:

> Plaintiff's claims against Defendants Motley and Rees as alleged in his amended complaint do not arise out of the same transaction or occurrence as his surviving claims against Defendants Pancake, Brindley and Hiland. To establish racial discrimination at EKCC, Plaintiff will have to establish vastly different facts than needed to prevail on his Eighth Amendment claims against the other Defendants.

[R. 77 therein at pg. 5]. Although this conclusion was reached in a discussion regarding proper joinder, it is equally relevant to the present inquiry. *See Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (in determining whether new claim in proposed amended complaint arose out of same transaction or occurrence, court should consider whether original and amended claims will be based upon the same evidence). Accordingly, the Court concludes that Jones's claim is time-barred, and must be dismissed.

———————————————

that the same result would obtain under both the state and federal rule, and will therefore limit its analysis to Rule 15(c)(1)(B).

III.    CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Plaintiff's complaint, R. 2, is **DISMISSED WITH PREJUDICE**.

2.      The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

3.      The Court will enter an appropriate judgment.

This May 25, 2009.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**